**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-4996

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

         v.

ANTHONY STERLING MILLER, a/k/a Ant, a/k/a New York, a/k/a
Tony, a/k/a Big Al, a/k/a Big A,

              Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  Solomon Blatt, Jr., Senior
District Judge.  (2:08-cr-01155-SB-8)

Submitted:  June 4, 2013            Decided:  June 10, 2013

Before AGEE, WYNN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Christopher W. Adams, CHRISTOPHER W. ADAMS LAW OFFICE, P.C.,
Charleston, South Carolina, for Appellant.  William N. Nettles,
United States Attorney, Peter T. Phillips, Assistant United
States Attorney, OFFICE OF THE UNITED STATES ATTORNEY,
Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Sterling Miller appeals from his convictions on one count each of conspiracy to possess with intent to distribute at least five kilograms of cocaine, in violation of 21 U.S.C.A. §§ 841, 846 (West 1999 & Supp. 2012); and money laundering, in violation of 18 U.S.C.A. § 1956 (West 2000 & Supp. 2012). His sole argument is that the district court erred in denying his motion to withdraw his guilty plea. We affirm.

We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Battle, 499 F.3d 315, 319 (4th Cir. 2007). In order to withdraw a guilty plea before sentencing, a defendant must show that a "fair and just reason" supports his request. Fed. R. Crim. P. 11(d)(2)(B). "[A] 'fair and just' reason . . . is one that essentially challenges . . . the fairness of the Rule 11 proceeding." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc). The defendant bears the heavy burden of demonstrating the existence of such a reason. United States v. Thompson-Riviere, 561 F.3d 345, 348 (4th Cir. 2009).

In determining whether a defendant has met this burden, a district court must consider the six factors articulated in United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). We have reviewed the record in this case and, after carefully considering the factors described in Moore, conclude

that the district court did not abuse its discretion in denying Miller's motion to withdraw his guilty plea.

When conducting Miller's plea colloquy, the district court substantially complied with the mandates of Fed. R. Crim. P. 11, and we discern no error in the district court's determination that Miller's plea was knowing and voluntary. Further, Miller averred during his Rule 11 hearing that he was satisfied with his attorney's representation. Such statements are presumed true, and Miller has not produced sufficient evidence to support his assertion that his counsel's assistance was deficient. Blackledge v. Allison, 431 U.S. 63, 74 (1977); see Fields v. Attorney Gen., 956 F.2d 1290, 1299 (4th Cir. 1992) ("Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy."). Additionally, we defer to the district court's determination that Miller did not successfully assert his innocence.

Accordingly, we find that the district court correctly concluded that consideration of the Moore factors counseled against allowing Miller to withdraw his plea. We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal conclusions are adequately

3

presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED